**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JAVIER GOMEZ ROCHA,** **Petitioner,** | § § § | |
| **v.** | § | **EP-26-CV-01155-DB** |
| **WARDEN,** *ERO El Paso Camp East Montana, et al.*, **Respondents.** | § § § § § | |

**ORDER TO SHOW CAUSE & PREVENT PETITIONER'S REMOVAL FROM DISTRICT AND UNITED STATES**

On this day, the Court considered the above-captioned case. On April 21, 2026, Petitioner Javier Gomez Rocha filed a "Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241," ECF No. 1. Petitioner is currently detained at the Camp East Montana detention facility in El Paso, Texas in the Western District of Texas. *Id.* at 1. He argues his detention is unlawful and asks the Court to order a bond hearing or release. *Id.* at 13.

Petitioner is a Mexican national who entered the United States in 1999. *Id.* at 8. On January 20, 2026, Petitioner was detained by immigration authorities while at work, presumably in his role as a subcontractor for a concrete company in Minnesota. *Id.* Petitioner has deep roots in his community[1] and does not have a criminal history. *Id.* To date, Respondents have not provided

[1] "Petitioner maintains close familial relationships within the United States. His sister is a lawful permanent resident, and his aunt and two cousins are U.S. citizens. Petitioner also has eight U.S. citizen nieces and nephews, including one nephew who serves in the U.S. Army and one niece who serves in the U.S. Navy. Petitioner previously resided with one minor U.S. citizen nephew and one minor U.S. citizen niece, for whom he acted in a parental role. Through his long-term residence, steady employment, and strong family and community ties, Petitioner has firmly established his life in the United States." *Id.*

Petitioner with a bond or a bond hearing on the merits.[2] *Id*. Petitioner has been subject to mandatory detention under 8 U.S.C. § 1225(b) pursuant to Respondents new interpretation of the statute. *Id.* at 9–11. He argues Section 1225(b) as applied to him violates his Fifth Amendment procedural due process rights because he has a fundamental liberty interest in being free from official restraint and is being deprived of an individualized hearing to justify his detention. *Id.* at 10–14.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025).[3] As such, it appears from the writ that it should be granted.[4] Nonetheless, this Court will afford Respondents three days to respond as to why it should not be. In so doing, Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome.

---

[2] Petitioner's request for bond redetermination before an immigration judge was denied based on lack of jurisdiction. ECF No. 1-3 at 2.

[3] This Court acknowledges the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) issued on February 6, 2026, determining Respondents' statutory interpretation of Section 1225(b)'s mandatory detention provision is correct. However, *Buenrosto-Mendez* does not change the outcome in *Viera* or the Court's subsequent decisions, which were decided on procedural due process grounds. In its original due process analysis, this Court accepted without deciding Respondents' interpretation was true. *See, e.g., Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) ("The parties argue about Respondents' novel interpretation regarding mandatory detention under Section 1225(b) and whether Petitioner falls within it. Even assuming without deciding Respondent's reading is correct, the Court will not address these arguments because the Court finds Petitioner is entitled to procedural due process in his as-applied challenge.").

[4] 28 U.S.C § 2243 ("A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted. . .").

Accordingly, **IT IS HEREBY ORDERED** Respondents **SHALL NOT** (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed.[5]

**IT IS FURTHER ORDERED** Respondents **SHOW CAUSE** why such writ should not be granted by filing a response no later **no later than April 24, 2026.**

**IT IS FURTHER ORDERED** that should Petitioner wish to file a reply, Petitioner shall file a reply **no later than April 28, 2026.**

**SIGNED** this **21st** day of **April 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**

[5] This case is filed by an alien detainee seeking relief under habeas corpus. Due to prior incidences in this Court of Respondents or their assigns removing petitioners from the United States and/or jurisdiction of the Western District of Texas – El Paso Division even after the Court orders them not to do so, this Court, in its discretion, finds good cause to issue a temporary restraining order restraining Respondents from removing Petitioner from its jurisdiction or the United States until further order of the Court. *See, e.g. Blandon Raudez v. Bondi*, No. 3-25-CV-493-DB, (W.D. Tex. October 30, 2025). In the interest of preserving the status quo and the Court's ability to fully assess this case on the merits, the Court orders that Petitioner not be removed from the United States or to a facility outside the jurisdiction of the Western District of Texas – El Paso Division. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."); *cf. Brownback v. King*, 592 U.S. 209, 218-19 (2021); *see also Santiago v. Noem*, No. 3-25-CV-361-KC, 2025 WL 2606118, at *2–3 (W.D. Tex. Sept. 9, 2025) (collecting cases).